IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHNNY LEE DAVIS,                                                   PLAINTIFF
ADC #073564

v.                              No. 4:25-cv-101-DPM

LEON JOHNSON, Circuit Court Judge,
Pulaski County Circuit Court;
BRET QUALLS, Public Defender, Pulaski
County;   SCOTT DUNCAN, Prosecuting
Attorney, Pulaski County;   ERRIC
HIGGINS, Sheriff, Pulaski County;
ROSALYN SMITH, Inmate Records
Supervisor, Larry B Norris Unit, ADC;
EMMA HAMMER, Inmate Mental Health
Supervisor, ADC;   and ALLEN, Inmate
School Principal, Larry B Norris Unit, ADC        DEFENDANTS

ORDER

Johnny Lee Davis wants to challenge his guilty plea to first degree murder in state court. *State v. Johnny Lee Davis*, No. 60CR-14-171 (Circuit Court of Pulaski County, Arkansas). He says he needs records from that case to bring the challenge—and by failing to provide the records, defendants are violating his constitutional right to access the courts. In *State v. Davis*, Davis has filed two motions asking for these records. The first motion has been pending since July 2022 and the second since January 2024.

Davis is entitled to the records from his own state case. Arkansas Administrative Order 19, Section II(B)(4) & (D). And his state court motions have been pending for some time—thirty-three and fifteen months, respectively. But for now, the Court must abstain from ruling on Davis's claims. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Davis's state proceeding is ongoing, Arkansas has an important interest in enforcing the laws and procedures of its courts, and Davis appears to have an adequate opportunity to raise his constitutional claims there. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). There's no showing—yet—of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982). The state court must either rule upon Davis's motions, or he must show that his avenue for relief in Arkansas courts is illusory. To make this showing, for example, Davis could proceed with the mandamus route suggested by Magistrate Judge Volpe. Doc. 4 at 3.

Until and unless he can demonstrate that the *Middlesex* factors are at play, Davis's claims are stayed until there's a final disposition of his state court motions. *International Association of Entrepreneurs of America v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995).

\*

The Court partly adopts and partly denies the recommendation, *Doc. 4*, and partly overrules and partly sustains Davis's objections, *Doc. 7*. It directs the Clerk to stay and administratively terminate this case. Davis can move to reopen this case after final disposition of his pending state court motions, or upon a good faith showing that his relief in Arkansas courts is illusory. If Davis doesn't file a timely motion to reopen or a status report by 5 May 2026, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

5 May 2025